# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| TERRY L. ADAMS, ) <br> ) <br> *Petitioner*, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> *Respondent*. ) <br> ) | Case No. 1:11-cr-064 <br> Hon. Liam O'Grady |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Dkt. 39. Petitioner has also filed motions to supplement his § 2255 Motion with the proposed supplements included. Dkt. Nos. 53 and 56. The motions to supplement (Dkt. Nos. 53 and 56) are **GRANTED** and the supplements considered properly filed. For the reasons below and for good cause shown, Petitioner's Motion Under 28 U.S.C. § 2255 (Dkt. 39) is **DENIED**.

On February 14, 2011, Petitioner pleaded guilty to conspiracy to distribute 280 grams of crack cocaine in the Eastern District of Virginia. On April 29, 2011, this Court sentenced petitioner to the mandatory minimum 240 months of imprisonment. Petitioner did not file a direct appeal. His conviction became final on February 28, 2011, 14 days after his guilty plea. Nearly six years later, Petitioner filed the instant petition, his first, on January 9, 2017.

Petitioner alleges that he received ineffective assistance of counsel because his attorney 1) failed to appeal; 2) failed to consult with Petitioner regarding an appeal; 3) failed to notice an appeal, withdraw, or file a brief laying out why grounds for appeal were frivolous (an *Anders*

brief); 4) failed to challenge the relevant drug weight; 5) failed to argue entrapment; 6) failed to argue against sentence stacking; 7) failed to argue against the Government's theory of the conspiracy; 8) failed to challenge the statement of facts; 9) improperly waived preliminary hearing and indictment; and 10) allowed petitioner to plead to a "defective" information.

As the instant petition was filed nearly six years after Petitioner's conviction became final, the Court must find that his petition is time-barred under 28 U.S.C. § 2255(f). 28 U.S.C. § 2255(f)'s one-year limitation runs from 1) the date on which the judgment of conviction became final; 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States was removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 (West 2008).

Petitioner argues that he has recently learned of case law that would have aided him in his case that his attorney should have utilized prior to the plea agreement and that this newly discovered (though not newly developed) case law constitutes newly discovered facts, rendering his petition timely under § 2255(f)(4). Petitioner's argument would render meaningless § 2255(f)'s time-bar. Newly discovered case law does not constitute newly discovered facts as required by § 2255(f)(4). *Langley v. United States*, 2015 WL 2450537, at *3 (E.D.N.C. May 21, 2015).

Petitioner also asserts that governmental action impeded his ability to timely file the instant motion. Specifically, he contends that section 6 of his plea agreement, in which he waived

2

his rights to request investigative records through the Freedom of Information Act (FOIA), hindered his ability to gather evidence necessary for his motion and constitutes a government-made impediment under § 2255(f)(2). Petitioner freely contracted away his FOIA rights in his plea agreement, however, and the provision of the plea agreement is enforceable. *See United States v. Lucas*, 141 F. App'x 169 (4th Cir. 2005); *Patterson v. F.B.I.*, 2008 WL 2597656, at *2 (E.D. Va. June 27, 2008). Thus, the Government's inclusion of the FOIA waiver cannot be an "action in violation of the Constitution or laws of the United States," as required by § 2255(f)(2). Even were such a waiver unconstitutional (despite Petitioner's knowing and voluntary waiver of other constitutional rights in the plea agreement), Petitioner cannot demonstrate that the government action prevented him from timely filing the instant petition. Indeed, Petitioner has failed to plead that he ever filed FOIA requests and sought to compel the government's response despite his plea waiver. Accordingly, the instant petition cannot be considered timely under any of the enumerated provisions of § 2255(f).

In the alternative to the express exceptions to § 2255(f)'s procedural time-bar, Petitioner argues that he should benefit from equitable tolling. Equitable tolling can overcome § 2255(f)'s time-bar where petitioner demonstrates that he was diligently pursuing his rights or that some other extraordinary circumstance stood in his way. *United States v. Grady*, 2015 WL 4773236, at *5 (W.D. Va. Aug. 12, 2015). Petitioner makes no further argument on these issues. Instead, Petitioner pleads that his actual innocence should overcome the procedural hurdle. Demonstrated actual innocence is sufficient to overcome § 2255(f)'s time-bar. *See McQuiggin v. Perkins*, 133 S. Ct 1924, 1928 (2013). However, Petitioner must show that the new evidence demonstrates that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). While Petitioner has recited to the Court a

number of legal theories[1] that he claims to demonstrate his innocence as a matter of law, he has failed to plead any facts that could demonstrate he is actually innocent of the crime to which he pleaded guilty and innocent of the conduct he admitted to in the statement of facts. *See Langley v. United States*, 2015 WL 2450537, at *5 (E.D.N.C. May 21, 2015) (finding that a § 2255 petition asserting actual innocence was "suspect at best in light of [the petitioner's] guilty plea").

Because the instant petition is untimely and because Petitioner has failed to demonstrate that § 2255(f)(1)'s time-bar is inapplicable, the instant petition is **DENIED**. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court **DENIES** Petitioner a certificate of appealability. The Clerk of Court is instructed to mail a copy of this order to Petitioner.

It is so **ORDERED**.

April /\, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge

---

[1] While the Court will not reach the merits of these theories because of 28 U.S.C. § 2255(f)'s procedural bar to the instant petition, Petitioner's theories appear to lack legal merit.